IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DANIEL MALLO,<br><br>               Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security<br>Administration,<br><br>               Defendant. | CV 22-01-BLG-SPW-TJC<br><br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

Pro se Plaintiff Daniel Mallo ("Mallo") filed a complaint against the Social Security Administration alleging due process violations under the Social Security Act, Administrative Procedure Act, and United States Constitution in connection with the termination, and redetermination, of his disability benefits. (Doc. 1.) The Commissioner of Social Security ("Commissioner") subsequently filed the Administrative Record ("A.R.") (Doc. 8.)

Presently before the Court is the Commissioner's Motion to Remand. (Doc. 14.) Mallo opposes the motion. (*See* Docs. 12, 17.) For the reasons set forth herein, the Court recommends that the motion be **GRANTED**.

I.      **Background**

On January 18, 2013, following a hearing in Jamaica, New York, an Administrative Law Judge ("ALJ") found Mallo to be disabled under the Social

Security Act ("2013 Decision").  (A.R. 48-61.)  Subsequently, the New York County District Attorney's Office and the Office of the Inspector General of the Social Security Administration conducted a criminal investigation into several individuals that involved a scheme to fraudulently obtain Social Security benefits. (A.R. 4.)  That investigation resulted in several convictions and led to additional indictments of beneficiaries connected to the scheme, including Mallo.  (*Id.*) Consequently, on January 13, 2014, Mallo received notification that his disability benefits were "stopped due to an ongoing investigation."  (Doc. 1-1.)  Mallo was later convicted of Second-Degree Grand Larceny on January 11, 2017.  (A.R. 4.)

On January 13, 2021, Mallo received notice that, because of his conviction, the 2013 Decision and his entitlement to disability benefits would be redetermined in accordance with Section 205(u) of the Social Security Act.  (A.R. 238-41.)  The notice further provided that in redetermining his case, the Commissioner was "not allowed to consider any evidence submitted in connection with [his] application for benefits . . . because fraud was involved in providing that evidence."  (A.R. 238.) On November 17, 2021, the Appeals Council found there was insufficient evidence remaining to support a finding of disability, and Mallo's entitlement to benefits was terminated.  (A.R. 4-8.)  Thereafter, Mallo filed the instant action seeking a retroactive award of disability benefits, or alternatively, a remand for reconsideration of the evidence.  (Doc. 1 at 25.)

## II.      Legal Standard

The Social Security Act allows unsuccessful claimants to seek judicial review of the Commissioner's final agency decision.  42 U.S.C. §§ 405(g), 1383(c)(3).  Federal courts have limited jurisdiction, and § 405(h) "prevent[s] review of decisions of the Secretary save as provided in the Act, which provision is made in § 405(g)".  *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975).  Likewise, the scope of judicial review is limited.  The Court must affirm the Commissioner's decision unless it "is not supported by substantial evidence or it is based upon legal error."  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).  *See also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("We may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence."); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

## III.     Discussion

The Commissioner moves to remand this matter for redetermination of Mallo's entitlement to benefits because new procedures now govern redetermination hearings under Section 205(u).  (Doc. 14.)  Mallo opposes the motion and seeks reinstatement of disability benefits.  (Doc. 17.)

Pursuant to Section 205(u)(1)(A), 42 U.S.C. § 405(u)(1)(A), the Commissioner "shall immediately redetermine the entitlement of individuals to

monthly insurance benefits . . . if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits . . . ."  In redetermining the entitlement, the Commissioner is instructed to "disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence."  §§ 205(u)(1)(B), 405(u)(1)(B).

On May 17, 2022, Social Security Ruling ("SSR") 22-1P revised the Social Security Administration's redetermination process.  SSR 22-1P, 2022 WL 2533116.  First, the evidentiary standard for fraud or similar fault was changed from a "preponderance of the evidence" to "reason to believe."  SSR 22-1P, 2022 WL 2533116, at *1.  Second, the ruling requires that, before evidence is disregarded at the hearing level, the agency "will consider the individual's objection to the disregarding of that evidence."  *Id.*

As noted above, during Mallo's redetermination in 2021, the Appeals Council disregarded "all evidence in the claim file" due to Mallo's Grand Larceny conviction.  (A.R. 4.)  Pursuant to the former procedure, Mallo could not object to the exclusion of this evidence.  The Commissioner concedes that pursuant to the new procedures outlined in SSR 22-1P, this matter should be remanded for rehearing and to allow Mallo to object to disregarding any evidence.

The Court agrees that remand is appropriate.  Mallo's redetermination hearing occurred under procedures that have since been revised.  The

Commissioner has conceded that another redetermination hearing should take place under the new regulation.  Mallo will have the opportunity to submit new evidence in support of his application, and pursuant to SSR 22-1P, before any evidence submitted in support of his application may be disregarded, administrative proceedings shall be held and Mallo will have the opportunity to object to any evidence being disregarded.

Mallo argues remand will "undercut" resolution of this matter.  (Doc. 15-1 at 2.)  But, to the contrary, the Commissioner acknowledges that a new administrative decision should be issued applying the correct and current standard.  Remand for redetermination under the new procedures is, thus, the appropriate remedy.

Further, "[t]he decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998).  If the ALJ's decision "is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)).  "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded.  Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

In sum, because Mallo's redetermination was based on policy that is now out of date, the Court believes remand for further administrative proceedings is appropriate.  Mallo will be provided with an opportunity to submit evidence in support of his claim, to object to the exclusion of evidence, and for a hearing before an Administrative Law Judge in accordance with SSR 22-1P.

## IV.   Conclusion

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that the Commissioner's Motion to Remand (Doc. 14) be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.  D. Mont. L.R. 72.3.

DATED this 15th day of March, 2023.

TIMOTHY J. CAVAN
United States Magistrate Judge