IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DANIEL MALLO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br><br>　　　　　　Defendant. | CV 22-01-BLG-SPW<br><br>ORDER ADOPTING<br>FINDINGS AND<br>RECOMMENDATIONS |

　　　　Before the Court are U.S. Magistrate Judge Cavan's Findings and Recommendations regarding Defendant Kilolo Kijakazi's Motion for Remand (Doc. 14). (Doc. 18). The Magistrate recommends granting the motion and remanding the case to the Social Security Administrate for proceedings consistent with an intervening change in internal regulations allowing consideration of Plaintiff Mallo's entire record. (Doc. 18 at 6). Mallo objects and argues that it is "fundamentally unfair" to remand the case "with material facts not resolved." (Doc. 19 at 1). Defendant did not respond to Mallo's objections.

　　　　Litigants are entitled to *de novo* review of those findings or recommendations to which they properly object. 28 U.S.C. § 636(b)(1). When neither party objects, this Court reviews a magistrate's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus.*

1

*Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). A party makes a proper objection "by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority such that the district court is able to identify the issues and the reasons supporting a contrary result. *Lance v. Salmonson*, 2018 WL 4335526 at *1 (D. Mont. Sept. 11, 2018).

Mallo argues that the Magistrate erred "in deciding not to fully develop the case," among myriad other complaints. After fully reviewing Mallo's objections, even accounting for the latitude accorded *pro se* litigants, Mallo appears to fundamentally misunderstand the posture of the case and the purpose of the remand. Mallo's initial benefits application was denied because, as a person convicted of benefits fraud, the evidence he provided in support of his claim linked to that fraud was to be totally ignored under existing regulations. (*See* Doc. 18 at 2). In 2022, the Social Security Administration revised its redetermination process under Social Security Ruling 22-1P, which altered the evidentiary standard regarding fraud and provides the opportunity for an applicant to object as to why the evidence should not be disregarded.

Accordingly, the Magistrate reasoned that remand is appropriate to procede under the new standards and to give Mallo the opportunity to submit new evidence and object prior to any evidence being disregarded. Mallo asserts that he would

2

prefer the Court to make the benefits determination itself. (Doc. 19 at 8). Mallo's objections are circular, conclusory, and confusing, and he seeks "declaratory statements" from the Court regarding alleged due process violations and other forms of relief that fall far outside the ambit of the Court's limited jurisdiction over Social Security appeals under 42 U.S.C. §§ 405(G), 1383(c)(3). Furthermore, it would be illogical and a poor use of time for the Court to independently conduct a benefits examination in lieu of remand, as Mallo requests.

Mallo's objections are improper and lack legal argument and support. The Court has reviewed Judge Cavan's Findings and Recommendations for clear error and has found none. Accordingly, the Court adopts Judge Cavan's Findings and Recommendations (Doc. 18) and Defendant's Motion to Remand (Doc. 14) is GRANTED.

DATED this 26th day of June, 2023.

_____
SUSAN P. WATTERS
United States District Judge